**Maurice S. McGEE, Plaintiff–Appellant,**

v.

**RANDALL DIVISION OF TEXTRON, INC., of Grenada, Mississippi, Defendant–Appellee.**

No. 87–4772

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1988.

Rehearing Denied March 28, 1988.

Maurice S. McGee, pro se.

M. Curtiss McKee, Jeffrey A. Walker, Jackson, Miss., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Mr. McGee appeals the adverse summary judgment in his Title VII employment dis-

crimination action, asserting that the court's determination that no evidence supports his claim that race—rather than two admittedly deliberate and false assertions in his employment application—was the reason for the defendant's refusal to employ him as a machinist is mistaken. He concedes that he deliberately falsified his prior employment term with defendant's predecessor, Rockwell, by two years and that he did not leave his former job with Rockwell for personal reasons, as he stated in his application, but was fired for unauthorized absences. Nor does he dispute that the application expressly provides that "any misrepresentation by me on this form is sufficient excuse for rejection of my application...."

Instead his contention is that because the applications of several successful white applications for the machinist jobs likewise contained incorrect information, race must have been the reason why his was rejected. The district court concluded that these were "mere errors, as distinguished from [the] material falsehoods found in the plaintiff's application," and we agree. Two of the applicants, for example, recited that they had applied for work with the defendant on earlier occasions, when in fact the application was to Rockwell, its predecessor; and another dates the applicant's military service as "From July 1982 to August 1981," an obvious typographical error.

As the district court recognized, such trifling errors raise no questions about the moral character of the applicants who made them and are of an entirely different order from McGee's admittedly deliberate and self-serving falsehoods, which most certainly do. Thus, there being a good and sufficient reason for the rejection of plaintiff's application and none for rejecting those of the other applicants, no evidence exists to support an inference of racial discrimination.

For this and the other reasons stated in the memorandum opinion of the district court, its judgment is

AFFIRMED.