**Paul BOHRER, Plaintiff-Appellant,**

v.

**HANES CORPORATION, et al., Defendants-Appellees.**

No. 82–1314.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1983.

Smith, Patterson, Follin, Curtis, James & Harkavy, Norman B. Smith, Jonathan R. Harkavy, Greensboro, N.C., for plaintiff-appellant.

Groce, Locke & Hebdon, J. Michael Myers, John J. Franco, Jr., San Antonio, Tex., for defendants-appellees.

Before POLITZ and JOLLY, Circuit Judges, and STAGG *, District Judge.

POLITZ, Circuit Judge:

Paul Bohrer brought suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, alleging that defendants Hanes Corporation and its division, Hanes Hosiery, Inc.,[1] had reduced his sales territory[2] and later terminated his employment because of age. A jury returned a special verdict finding that age was a determinative factor in Bohrer's discharge, that this discriminatory act was willful, and that Bohrer was entitled to damages in the amount of $167,320. Acting on defendants' motion for judgment notwithstanding the verdict, the district court entered judgment in favor of defendants. Finding no reversible error in the district court's disposition of the case, we affirm.

*Facts*

Bohrer had been employed as a salesman for over 20 years by the Texas Hosiery Company, a small, family-owned business which served as Hanes' exclusive distributor in southern Texas, when in January 1977 Hanes assumed direct responsibility for the marketing of its products. Hanes extended offers of employment to plaintiff and several other Texas Hosiery employees. Bohrer, then 55 years old, accepted a sales position.

Although plaintiff achieved moderate success in meeting his sales quotas, his performance in other areas deemed important by the employer was markedly deficient. Specifically, plaintiff consistently failed to prepare reports known as "management reviews," designed to advise major retail accounts of the status of their sales of defendants' merchandise and to suggest methods to improve sales, to aggressively solicit as customers such nontraditional retail outlets as college bookstores, drugstores and supermarkets, to take adequate inventories in stores which he serviced on behalf of Hanes and to maintain stock control books, to respond to company requests for "fast track" reports which enabled it to monitor the results of sales promotions of six hosiery items during 1977, and to correctly complete weekly "call" reports informing management of his travels and accomplishments during the week. Hanes received repeated complaints from one of

---

\* District Judge of the Western District of Louisiana, sitting by designation.

1. Another defendant, Consolidated Foods, Inc., was dismissed as a party-defendant on its motion for summary judgment. To facilitate discussion, Hanes Corporation and its division, Hanes Hosiery, Inc., shall be collectively referred to as "Hanes."

2. Pursuant to a general expansion program inaugurated by Hanes in January of 1978, the sales territories assigned to plaintiff and other sales personnel were realigned. Salesmen both within and without the parameters of the protected class (ages 40 to 70) lost accounts in this process. Counsel for plaintiff withdrew the claim of discriminatory reduction in sales territory during the charge conference.

Bohrer's three major retail accounts, Joske's Department Store.

On various occasions during the first eight months of 1977, Bohrer was admonished to correct the deficiencies noted. A counseling session between plaintiff and his immediate supervisor, Dorlan Johnson, and Harold Liebes, Hanes' general field sales manager was ultimately held on October 3, 1977. In the course of this meeting, Bohrer was warned to increase sales and to otherwise fulfill Hanes' requirements with respect to the compilation of reports, servicing of accounts, participation in sales promotions programs, and conduct of inventories. Bohrer acknowledged the validity of the employer's criticisms, and expressly resolved to comply with management's goals and directives.

In early 1978, however, Bohrer's superiors again complained of his job performance. A sales representative review outlined plaintiff's continued refusal to adhere to any company policy or management instruction with which he disagreed. Johnson and Liebes subsequently met with plaintiff on April 18, 1978, for the purpose of discussing the adverse findings contained in the review. At the conclusion of this discussion Bohrer was discharged. He was replaced by a 28 year-old man.

Bohrer now contends that the trial judge erred both in entertaining the motion for judgment n.o.v. and in granting it. The former challenge is based on defendants' failure to move for a directed verdict at the close of the evidence as required by Fed.R. Civ.P. 50(b), which prescribes that "a party who has moved for a directed verdict may move to have the verdict and any judgment thereon set aside and to have judgment entered in accordance with his motion for a directed verdict...." The latter is based on the evidence adduced at trial. We find neither challenge sufficient for reversal.

### Procedural Requirements

■ Rule 50(b) of the Federal Rules of Civil Procedure precludes a district court from entertaining a motion for judgment notwithstanding the verdict unless the movant has first sought a directed verdict after presentation of all the evidence. *See Perricone v. Kansas City Southern Ry. Co.,* 704 F.2d 1376 (5th Cir.1983); 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 50.08 (2d ed. 1982). Where this prerequisite has not been satisfied, a party cannot later challenge the sufficiency of the evidence either through a j.n.o.v. motion or on appeal. *Myers v. Norfolk Livestock Market, Inc.,* 696 F.2d 555 (8th Cir.1982); (*citing Rawls v. Daughters of Charity of St. Vincent De-Paul, Inc.,* 491 F.2d 141 (5th Cir.), *cert. denied,* 419 U.S. 1032, 95 S.Ct. 513, 42 L.Ed.2d 307 (1974)). A litigant who has moved for a directed verdict at some point prior to the conclusion of trial, but failed to renew the motion at the close of all the evidence, is thus held to have waived the right to move for judgment *non obstante veredicto. Bonner v. Coughlin,* 657 F.2d 931 (7th Cir.1981); *Smith v. University of North Carolina,* 632 F.2d 316 (4th Cir.1980); 5A J. Moore & J. Lucas, *Moore's Federal Practice* at ¶ 50.08. This rule serves two essential purposes: to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury, thereby affording it an opportunity to cure any defects in proof should the motion have merit. *See Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983); *see also Ohio-Sealy Mattress Co. v. Sealy, Inc.,* 585 F.2d 821 (7th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *Martinez Moll v. Levitt & Sons of Puerto Rico, Inc.,* 583 F.2d 565 (1st Cir.1978).

■ Some courts have strictly enforced Rule 50(b), *see, e.g., Martinez Moll v. Levitt & Sons of Puerto Rico, Inc.; DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193 (3d Cir.1978), whereas others have adopted a more flexible approach toward a party's noncompliance with its terms. *Myers v. Norfolk Livestock Market, Inc.;* 5A J. Moore & J. Lucas, *Moore's Federal Practice*

at ¶ 50.08; 9 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2537 (1971 & 1982 Supp.). *See, e.g., Halsell v. Kimberly Clark Corp.; Bonner v. Coughlin; Miller v. Premier Corp.,* 608 F.2d 973 (4th Cir.1979); *Bachtel v. Mammoth Bulk Carriers, Ltd.,* 605 F.2d 438 (9th Cir.1979), overruled on other grounds, *Brown v. American Mail Line, Ltd.,* 625 F.2d 221, 223 (9th Cir. 1980); *Quinn v. Southwest Wood Prods., Inc.,* 597 F.2d 1018 (5th Cir.1979); *Beaumont v. Morgan,* 427 F.2d 667 (1st Cir.), *cert. denied,* 400 U.S. 882, 91 S.Ct. 120, 27 L.Ed.2d 121 (1970); *Jack Cole Co. v. Hudson,* 409 F.2d 188 (5th Cir.1969). Recognizing the liberal spirit imbuing the Federal Rules of Civil Procedure, Fed.R.Civ.P. 1, we agree with the Seventh Circuit's pronouncement that while:

> [I]t is certainly the better and safer practice to renew the motion for directed verdict at the close of all the evidence, . . . "[t]he application of Rule 50(b) in any case 'should be examined in the light of the accomplishment of [its] particular purpose[s] as well as in the general context of securing a fair trial for all concerned in the quest for truth.' "

*Bonner v. Coughlin,* 657 F.2d at 939 (*quoting* from *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 585 F.2d at 825).

With these principles in mind, we turn to the record before us. Once plaintiff rested, defendants moved for a directed verdict and asked the district court to reserve its ruling. At this juncture the court articulated its strong misgivings as to the adequacy of plaintiff's proof and the propriety of allowing the case to go to the jury. A tape recording of the April 4, 1978 termination meeting, made by Bohrer and played at defendants' request following the close of plaintiff's evidence, evidently persuaded the court of the substantial likelihood that plaintiff had failed to establish a prima facie case or, if he did, that defendants had articulated a legitimate, nondiscriminatory reason for discharge. The court's comments at this point reflect a concern that the evidence did not pose a jury issue. Cognizant, however, of the stringency of this circuit's review of a directed verdict, and

sensitive to the potential unfairness to the defendants were the case to be withdrawn from the jury's consideration and summarily reversed on appeal, the court determined to permit the case to go to the jury and announced that the motion would be taken under advisement. The court invited defendants to reurge their attack on the sufficiency of plaintiff's evidence "by motion for judgment n.o.v. or motion at the close of the evidence."

After moving for a directed verdict, defendants introduced substantial evidence bearing on Bohrer's unsatisfactory job performance. Plaintiff offered no rebuttal. In setting aside the verdict and entering judgment for defendants, the trial judge observed that "the verdict returned by the jury is against the clear weight of the evidence, and if allowed to stand, would result in a miscarriage of justice," and "the evidence and reasonable inferences drawn therefrom point so strongly in favor of the Defendants that reasonable persons could not arrive at a verdict against the Defendants."

We excuse defendants' technical noncompliance with Rule 50(b) under the congruence of circumstances extant in this case because we are convinced that the purposes of the rule have been served. To demand a slavish adherence to the procedural sequence and to require these defendants, in this case, to articulate the words of renewal once the motion had been taken under advisement, would be "to succumb to a nominalism and a rigid trial scenario as equally at variance as ambush with the spirit of our rules." *Quinn v. Southwest Wood Prods., Inc.,* 597 F.2d at 1025.

### The Merits

Having found that the district court properly considered the directed verdict motion, we review the merits thereof, applying the standard announced in *Boeing v. Shipman,* 411 F.2d 365 (5th Cir.1969) (en banc):

> a motion for . . . judgment n.o.v. should be granted only when the facts and inferences point so strongly and overwhelm-

ingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict. The court should consider all of the evidence—not just that evidence which supports the nonmovant's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If there is substantial evidence ... of such quality and weight that reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. A motion for ... judgment n.o.v. should not be decided by which side has the better of the case, nor should the motion be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of fact, and not the court, to weigh conflicting evidence and inferences, and to determine the credibility of witnesses.

*Maxey v. Freightliner Corp.*, 665 F.2d 1367, 1371 (5th Cir.1982) (en banc) (citation omitted).

■ It is axiomatic that the elements of a Title VII prima facie case, as outlined in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 1819, 36 L.Ed.2d 668 (1973), appertain to suits arising under the ADEA. *Reeves v. General Foods Corp.*, 682 F.2d 515 (5th Cir.1982); *Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir.1981). In order to establish a prima facie showing of age discrimination, the plaintiff must demonstrate that he was a member of the protected class, was discharged and later replaced by a person outside the protected class, and was qualified to perform the job. *Williams v. General Motors Corp.; Houser v. Sears, Roebuck & Co.*, 627 F.2d 756 (5th Cir.1980); *Price v. Maryland Casualty Co.*, 561 F.2d 609 (5th Cir.1977). Where a case does not conform to the *McDonnell* formula, however, the trial court is free to deviate therefrom. *Williams v. General Motors*

*Corp.; McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir.1980).

■ Prima facie proof of age discrimination does not necessarily entitle the plaintiff to a jury determination of his claim. Such proof simply shifts to the defendant employer the burden of producing evidence of nondiscriminatory reasons for the discharge. *Reeves v. General Foods Corp.* See *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This burden is not one of persuasion, but one that may be sustained through the introduction of admissible evidence of an explanation that would be "legally sufficient to justify a judgment for the defendant." 450 U.S. at 255, 101 S.Ct. at 1094. If the employer offers proof which raises a genuine issue of fact as to whether it terminated the plaintiff for good cause, or on some basis other than age, the presumption of discrimination engendered by plaintiff's initial evidence is dispelled.

■ Once the analysis reaches this "new level of specificity," *id.* at 255, 101 S.Ct. at 1095, it is incumbent upon the plaintiff to prove that the explanation proffered by the defendant for its employment action was a pretext or ruse designed to conceal a discriminatory motive. *See Reeves v. General Foods Corp.; Smith v. Farah Mfg. Co., Inc.*, 650 F.2d 64 (5th Cir.1981). At this point the plaintiff again bears the burden of production, which now merges with the ultimate burden of persuasion that he has at all times retained. *Texas Dept. of Community Affairs v. Burdine.* To accomplish this objective, the plaintiff may either prove that age more likely motivated the employer, or discredit its articulated rationale. *Id.* See *Haring v. CPC Int'l, Inc.*, 664 F.2d 1234 (5th Cir.1981).

■ Application of the rigorous *Boeing* standard to the case at bar convinces us that no jury should reasonably have concluded that age was a determinative factor in Hanes' decision to fire Bohrer. The record is replete with instances of Bohrer's deliberate violation of both company poli-

cies and management directives dating back to the beginning of his tenure. Whenever plaintiff disagreed with a particular rule or instruction, he simply refused to implement it. He was reprimanded on several occasions, and given ample opportunity, following the October 1977 conference, to take corrective measures. Although his sales record improved in early 1978, he continued to disregard such important requirements as the pursuit of nontraditional accounts, the compilation of vital records and reports, and the inventory of Hanes products stocked by major retail customers. Any inference of discrimination which plaintiff may have raised was thus dissipated by defendants' proffered justification.

In considering whether defendants' articulated reason for Bohrer's firing was pretextual, we have examined the evidence in its entirety, including that relative to Bohrer's personality conflict with Johnson and his substantial compliance with sales quotas. In support of Bohrer's position we find essentially his testimony that he adjudged his performance adequate and that any necessary remedial action had been taken. Such proof, generally deemed inadequate by this court to establish pretext, see, e.g., *Ford v. General Motors Corp.; Houser v. Sears, Roebuck & Co.,* illustrates that it was Bohrer's fundamental disagreement with the manner in which his former employer operated its sales division, rather than his age, that eventually led to his dismissal. There was no proof that employees of any age with similar work records were accorded more favorable treatment.

The judgment of the district court is AFFIRMED.