Henry J. LAURENCE,
Plaintiff–Appellee,

v.

CHEVRON, U.S.A., INC.,
Defendant–Appellant.

No. 89–2268
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1989.

---

G. Alan Kramer, John B. Honeycutt, Leslie A. Ohr, Houston, Tex., for Chevron, U.S.A., Inc.

Alan McNeill, Beaumont, Tex., for Henry J. Laurence.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Defendant, Chevron, appeals a jury verdict awarding back pay and liquidated damages to its employee, Henry J. Laurence, under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621–634. Finding insufficient evidence to support the verdict, we reverse.

I. Background

Henry J. Laurence began working for Chevron at its Pascagoula, Mississippi, refinery in November 1967. By 1976, he had attained the position of Technician I. In that year, he moved to Saudi Arabia to work for Aramco as a "loaned" Chevron employee. Laurence spent eight and one-half years in Saudi Arabia and during that time was steadily promoted within the company. At Aramco, he worked in a supervisory capacity, reaching the salary equivalent of Chevron's Group II, which was five

steps above the Technician I level at Pascagoula.

In 1985, Laurence was told that due to a manpower reduction he was no longer needed by Aramco and was to return to the United States. Chevron's policy requires that the company attempt to place repatriated employees, such as Laurence, in a position at a level equivalent to that achieved while abroad. If no organization can be found with an opening for a returning employee, the organization from which he left is required to take him back in a position at least equal to that held immediately prior to transfer. Pascagoula, on the other hand, maintains a somewhat contradictory practice of returning repatriated employees to the same position they had before going to Saudi Arabia, regardless of experience gained abroad.

After Laurence's file was circulated to various Chevron facilities without response, he returned to Pascagoula and was placed in the same salary classification he held before he left, Technician I. One month after his return, a Group II Operating Assistant position was filled by a 28 year old Lead Engineer, Greg Roos. At that time, Laurence was 47 years of age.

Laurence brought this suit under the ADEA alleging that Chevron discriminated against him by first demoting him and later failing to promote him because of his age. As evidence of Chevron's discriminatory motives, Laurence alleges that he had refused an early retirement package upon returning from Saudi Arabia and that a 28 year old was promoted to the job for which he was qualified. He also testified to his belief that age motivated Chevron's decision and cited the contradiction between Chevron's and Pascagoula's policies in reference to repatriated employees as further evidence of age discrimination.

Chevron claimed Laurence's placement as a Technician I was consistent with Pascagoula policy, which has been applied uniformly to employees returning to Pascagoula directly from Saudi Arabia. Chevron further contended that Laurence lacked the requisite qualifications to be considered for the Group II Operating Assistant position;

that at the time of the decision it had no current evaluations of his performance in Saudi Arabia; and that the individual who was promoted, Greg Roos, was better qualified for the position.

Although the jury found Laurence's demotion did not violate the ADEA, it found both that Chevron failed to promote him because of his age and that it did so willfully. Accordingly, Laurence was awarded $82,126.00 in back pay and this amount was doubled to provide liquidated damages for the finding of willfulness. *See* 29 U.S.C. § 626(b). The district court denied Chevron's motions for judgment n.o.v. and for a new trial.

Chevron appeals the district court's denial of its motions, claiming that the jury's findings are unsupported by the evidence.

II. Analysis

A. *Standard of Review*

■ Keeping in mind that "it is the function of the jury as the traditional finder of facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses," *Boeing Co. v. Shipman*, 411 F.2d 365, 375 (5th Cir.1969) (en banc), we review the district court's denial of Chevron's j.n.o.v. motion to determine whether, upon the record, a reasonable trier of fact could conclude that age was a determinative factor in failing to promote Laurence. *See Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1465 (5th Cir.1989); *Boeing Co.*, 411 F.2d at 374–75.

B. *Elements of an Age Discrimination Case*

As a disparate treatment suit based on circumstantial evidence, the plaintiff's case may be analyzed by the well worn test developed for Title VII plaintiffs in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *Thornbrough v. Columbus & G.R.R.*, 760 F.2d 633, 638–39 (5th Cir.1985).

4

Under *McDonnell,* a plaintiff who establishes a prima facie case creates a rebuttable presumption of intentional discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). To establish a prima facie case of employment discrimination based on age, an employee must demonstrate merely that: (1) he is within the protected class, that is, between the ages of 40 and 70, *see* 29 U.S.C. § 631(a) (amended 1986); (2) that he was qualified for the job in question; and (3) that an employee outside the protected class was treated more favorably. *See, e.g., McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Thornbrough,* 760 F.2d at 639.

To rebut the presumption, the employer carries the burden of production to articulate some legitimate, nondiscriminatory reason for its action. *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. While an employer need not persuade a court that the proffered reason actually motivated its decision, the defendant's evidence must raise "a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.* at 254–55, 101 S.Ct. at 1094. If an employer meets its burden, the plaintiff may establish discrimination by proving that the reason is merely pretextual. *Id.* at 256, 101 S.Ct. at 1095; *Uffelman v. Lone Star Steel Co.,* 863 F.2d 404, 407 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989).

## C. *Sufficiency of the Evidence*

■ Chevron concedes that Laurence established a prima facie case by showing that: (1) he was 47 years of age at the time that he was denied the promotion; (2) he applied for the Group II Operating Assistant position, for which he was minimally qualified; and (3) Greg Roos, a person outside the protected class, was treated more favorably by being given a promotion for which Laurence was turned down. Chevron, however, contends that Laurence failed to produce sufficient evidence to establish that Chevron's proffered reasons for the promotion decision were pretextual.

■ Chevron introduced evidence to support several reasons why Laurence was not promoted. First, it claimed the decision was consistent with its "no end run" policy. The "no end run" policy evolved as a means of protecting the expectations of employees who remained working "in the system" rather than going to Saudi Arabia. To realize this goal Pascagoula management does not permit employees who leave lower positions in Pascagoula and rise through the less-competitive ranks in Saudi Arabia to make an "end run" around employees who have worked within the Pascagoula system. In accordance with this policy, repatriated employees are returned to positions at the level from which they left. Since Laurence had arrived at Pascagoula only a short time before the Operating Assistant position became available, Pascagoula's failure to promote him was apparently consistent with this policy.

Operating Assistant positions are highly competitive—with only twelve of the positions available in a refinery of over one thousand employees. Chevron presented evidence that Pascagoula management has consistently selected Operating Assistants from only two groups: (1) Lead Engineers with engineering degrees from four-year accredited universities and with five years experience; and (2) "mustangs"—shift supervisors and refinery shift coordinators without engineering degrees who have worked numerous key positions at Pascagoula. Chevron introduced evidence that Laurence didn't fit either category, since his engineering degree was from a correspondence school and his experience did not include the requisite "mustang" jobs at Pascagoula. A Chevron management employee also testified that Laurence was not a viable candidate because he would not pass "the bulletin board test," which is the management's subjective evaluation of how a promoted individual will be accepted by rank and file workers.

As an additional reason for Laurence's failure to be promoted, Chevron employees testified that while Laurence had received primarily good evaluations at Pascagoula, his performance was not considered superi-

or. Conversely, Roos was known to be an outstanding performer and was respected highly by those with whom he would have to work and with whom he competed for the job. Chevron also claimed they did not have current performance evaluations for Laurence at the time of the decision.

■ As these reasons were legally admissible and created a genuine issue of fact as to whether age was a determinative factor in Chevron's decision not to promote Laurence, Chevron met its burden of production, and Laurence was required to present sufficient evidence to show that Chevron's reasons were a pretext for age discrimination. *See Burdine,* 450 U.S. at 254–56, 101 S.Ct. at 1094–95. While an employee may do this "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence," he again bears the burden of production, which now merges with the burden of persuasion. *Id.* at 256, 101 S.Ct. at 1095; *see Bohrer v. Hanes Corp.,* 715 F.2d 213, 218 (5th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). In reviewing Laurence's evidence, we do not strictly evaluate the presentation of evidence at successive stages; we review the record as a whole. *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556, 564 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

■ To rebut Chevron's articulated reasons, Laurence attempted but was unable to demonstrate that the "no-end run" policy had been applied inconsistently at Pascagoula. Indeed, in reference to demotions, Chevron was able to show that it was applied uniformly regardless of age—all workers returning directly from Saudi Arabia resumed work in the position they at-tained before leaving.[1] Neither party presented evidence as to how the policy influenced promotion decisions. Yet, given the proximity in time between Laurence's demotion and non-promotion, the promotion decision appears consistent with this policy.[2]

To rebut Chevron's claim that Roos was the better candidate, Laurence points to his evaluations, which were generally good throughout the course of his employment with Chevron and Aramco, and to the fact that he advanced steadily in various supervisory positions at Aramco. This evidence, however, does not establish that Laurence was the better candidate. Chevron offered testimonial evidence that Roos was an outstanding performer and that he was within the eligibility pool. Laurence did nothing to refute this testimony. The only evidence he presented to support his assertion that he was qualified for the job was his own assessment of the job requirements. Moreover, he was unable to establish that he should have been considered part of the Pascagoula eligibility pool. Laurence also derided the "bulletin board test" as a popularity contest but did nothing to show that age played any part in management's assessment of candidates under this test. Laurence failed to demonstrate that Roos' promotion was not based on his qualifications or that it was motivated by age.

As further evidence of age discrimination, Laurence points out that Chevron promoted employment in Saudi Arabia as offering the "best of both worlds," which he understood as meaning that his foreign experience would be considered for employment opportunities domestically. He contends that this promise was undermined directly by Pascagoula's policy of protecting domestic employees. He also presented evidence that his salary should have been frozen for one year following his de-

---

**1.** One employee that did return to Pascagoula from Saudi Arabia at a level higher than he previously had attained at Pascagoula had worked at another domestic plant prior to his return. He, therefore, was treated by Pascagoula management as a domestic employee rather than a repatriated employee.

**2.** Plaintiff points out that of Roos' five years of experience, Roos had worked only two years at Pascagoula; the other three years were spent at Perth Amboy. This, however, does not suggest inconsistency since Roos was promoted within the domestic system and gained supervisory experience at Pascagoula.

motion. While this evidence may have warranted a charge of unfairness, Laurence has failed to demonstrate that any of these actions were motivated by age considerations.

 Although Laurence testified that he believed he was not promoted because of his age, he could neither point to any statements by Chevron personnel to support this, nor to any generalized age discriminatory practices. Conclusory statements of age discrimination cannot support an inference that Chevron violated the ADEA. *See Hansard,* 865 F.2d at 1466; *Sherrod v. Sears, Roebuck & Co.,* 785 F.2d 1312, 1316 (5th Cir.1986); *Elliott,* 714 F.2d at 566. The facts that he refused an early retirement package and that a 28 year old was promoted to a job for which he had applied are insufficient, alone or in combination, to refute Chevron's reasons for promoting Roos.

It is not enough for Laurence to prove that Pascagoula treats repatriated employees arbitrarily. "The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated." *Bienkowski v. American Airlines,* 851 F.2d 1503, 1508 (5th Cir.1988).

In overturning the jury's verdict, we are not unmindful that we are intruding on the jury's guarded territory. The parties relied extensively on testimonial evidence. While evaluating witness credibility is within the unique purview of the jury, and a jury is free to discredit an employer's self-serving testimony, *see Hansard,* 865 F.2d at 1465; *Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 207 (5th Cir.1986), Laurence offered little more than his own testimony to refute Chevron's reasons and presented only circumstantial evidence that was more consistent with those reasons than with age discrimination. "Pretext was not made out, nor could reasonable jurors properly have concluded that it was." *Elliott,* 714 F.2d at 566. On this record, plaintiff has failed to prove that Chevron intentionally or willfully discriminated against him.

Judgment of the district court is REVERSED and here RENDERED for defendant.