Titus STANFIELD

v.

BROOKSHIRE GROCERY COMPANY
d/b/a Super I Foods.

Civ. A. No. 87-0692.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 25, 1990.

Edward Larvadain, Jr., Alexandria, La., for plaintiff.

James R. Madison and Jeffrey W. Weiss, Wiener, Weiss, Madison & Howell, Shreveport, La., for defendant.

## OPINION

LITTLE, District Judge.

This action arises out of the dismissal of Titus Stanfield from his job as a night janitor at the Super 1 Food Store in Alexandria, Louisiana. Plaintiff alleges that he was dismissed in violation of the Age Discrimination in Employment Act (ADEA) (29 U.S.C. sec. 621 et seq.).

Plaintiff worked at the Super 1 from 16 May 1984 until 4 January 1985; his duties were to sweep, mop, and generally clean his assigned half of the store. Plaintiff was reprimanded several times during his tenure at the Super 1 for his poor work habits. On 26 August 1984 store director Greg Skelly first criticized plaintiff for his unkempt appearance and failure to clean adequately the store during his shift. La-Vance Henderson, the assistant store manager, also repeatedly admonished plaintiff. Henderson testified that plaintiff would only mop the center of the aisles, would fail to clean the edges of the displays, and would sometimes leave trash lying on the floor. Henderson recalled two dates in particular (17 November 1984 and 28 December 1984) when he found the store condition to be exceptionally poor; on both occasions, plaintiff was combative and argumentative when told of his inadequate job. Finally, on 4 January 1985 Henderson again noticed plaintiff neglecting his work. Henderson chastised him, only to find a short time later that plaintiff was continuing his inept cleaning. Henderson called plaintiff upstairs to a conference room and attempted once more to make him understand the proper way to clean up the store.

Although he did not originally intend to fire plaintiff, Henderson decided to do so because Stanfield refused to listen to him and insisted he would continue to clean the store as he had always done. Plaintiff complained to the EEOC, which could not substantiate his allegations. Plaintiff subsequently brought suit against Brookshire Grocery Co. (which operates the Super 1) for allegedly firing him because of his age.

Both parties have focused in on the three-factor test enunciated in *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 639 (5th Cir.1985) as the guiding inquiry for an age discrimination case. The *Thornbrough* test, however, is used when there is only *circumstantial* evidence of age discrimination. *Laurence v. Chevron, U.S.A., Inc.*, 885 F.2d 280, 282 (5th Cir.1989); *Thornbrough*, 760 F.2d at 638. In this case, plaintiff claims he was *explicitly* told that he was being fired due to his age. The first inquiry, therefore, is to determine whether there is any direct evidence of age discrimination. *Thornbrough*, 760 F.2d at 638. If no such evidence exists, the *Thornbrough* test can nevertheless allow plaintiff to prove discrimination on the basis of circumstantial evidence.

Plaintiff and witness James Robert claim that Henderson told plaintiff that he was terminated because of his age. This court finds the testimony of Mr. Henderson much more credible on this point. The testimonies of plaintiff and Mr. Robert (who has known plaintiff for over twenty-five years) contain blatant inconsistencies concerning facts that surrounded the termination. Plaintiff, for example, claims he was fired at approximately 7:00 A.M. as he was finishing his shift; Mr. Robert, on the other hand, stated that Mr. Henderson fired plaintiff at 12:30 A.M. as he was coming onto his shift. Plaintiff's own testimony is even internally inconsistent. Stanfield stated at trial that Henderson told him nothing when he was released, then changed his story in the face of patently leading questions on redirect examination.

■ Because there is no direct evidence that plaintiff was fired for being too old,

plaintiff must attempt to establish his case through circumstantial evidence. There are three components to a prima facie case of age discrimination based on circumstantial evidence. *Thornbrough*, 760 F.2d at 639. Plaintiff must prove that he was over forty years old, was qualified for the job, and that employees under the age of forty replaced him after his discharge. *Id.; see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (setting forth identical standard for Title VII litigation). These requirements clearly involve a "very minimal showing." *Thornbrough*, 760 F.2d at 639.

This court finds that plaintiff has met the slight burden of proving a prima facie case using circumstantial evidence. Plaintiff was fifty-nine years old when he was fired. At that time he was qualified to hold his position, having eighteen years of experience as a school janitor. Although there was no one person specifically hired to replace him, those responsible for his duties after he was fired were below forty years old.

■ Plaintiff's prima facie case of age discrimination does not, of course, end the analysis. Brookshire can rebut the presumption of intentional discrimination by articulating legitimate, nondiscriminatory reasons why plaintiff was fired. *Thornbrough*, 760 F.2d at 639; *see also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (articulating identical Title VII standards).

■ Brookshire easily rebutted plaintiff's prima facie case through the testimony adduced at trial. Stanfield was an inept and argumentative worker who was repeatedly reprimanded by two of his superiors. Plaintiff consistently refused to change his poor work habits and never showed the slightest willingness to cooperate with his employers. Stanfield's trial behavior only reinforces this court's determination. Stanfield was extremely abrasive throughout his testimony and became openly hostile when questioned by opposing counsel.

Because Brookshire has rebutted plaintiff's prima facie case, the burden shifts back to plaintiff to prove that "the employer's proffered reasons are pretextual." *Thornbrough*, 760 F.2d at 640. Plaintiff has utterly failed to do so. The only evidence to prove that Brookshire's legitimate reasons were pretextual is the fact that the written reprimands evidencing the censurings given on 26 August, 17 November, and 28 December were prepared after Stanfield had filed an age discrimination case against his former employer. Although these documents should have been prepared contemporaneously with the events that they document, this alone does not prove discrimination. At worst, Brookshire's employees may be guilty of somewhat poor judgment. Nevertheless, the credible testimony of both Mr. Skelly and Mr. Henderson convinces this court that these incidents did occur and Stanfield was fired for only one reason: he was an inept worker.

Accordingly, plaintiff's claim against Brookshire is DISMISSED.

■ Before leaving this matter, the court must react to certain language employed by plaintiff's counsel in his post-trial brief. In the brief specifically addressed to this judge dated 16 August 1990 and signed by Edward Larvadain, Jr., attorney for plaintiff, the following two sentences appear:

> No fair-minded individual, after considering all the facts in this case, can rule against plaintiff. I hastily point out, however, that one who is void of fundamental fairness can do so without any problem whatsoever.

Use of this language is beyond the bounds of permissible advocacy and is so degrading and base that this court must levy an appropriate sanction. *See generally Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc); *NASCO v. Calcasieu Television and Radio, Inc.*, 124 F.R.D. 120 (W.D.La.1989), *aff'd*, 894 F.2d 696 (5th Cir.1990), *cert. granted*, — U.S. ——, 111 S.Ct. 38, 112 L.Ed.2d 15 (Oct. 1, 1990) (No. 90–256); Fed.R.Civ.P. 11.

The minimal sanction which this court believes applicable to counsel's conduct is an assessment of $400. That sum shall be payable to the United Way of Central Louisiana, Inc., 913 3rd Street, Alexandria, Louisiana 71301. The sum shall be payable within twenty (20) days from the date of this judgment. Edward Larvadain, Jr. shall file with this court a receipt of payment by the United Way within twenty (20) days from date of this judgment.

An appropriate judgment shall issue.