**Wallace A. THIBODEAUX, Plaintiff,**

v.

**LAMAR UNIVERSITY, Defendant.**

**Civ. A. No. 1:91CV941.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 21, 1992.

---

Gaylyn Leon Cooper, Beaumont, Tex., for plaintiff.

Hubert Oxford, III, Benckenstein, Oxford & Johnson, Beaumont, Tex., Amy R. Castaneda, Asst. Atty. Gen., Gen. Litigation Div., Austin, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This cause was tried to the Court without a jury and the Court finds that the defendant Lamar University did not violate the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

Plaintiff, Wallace A. Thibodeaux, a sixty-one year old employee of the defendant Lamar University, was terminated from employment by the defendant. At the time of his discharge, plaintiff was employed as a business machine repairman primarily in the area of typewriter repair. Plaintiff was not trained nor was he responsible for repairing or installing telecommunications and computer equipment. Lamar University presented evidence that the number of operable typewriters across campus was

declining and were being replaced by computers. In order to justify the need for plaintiff's position, he was consulted on several occasions about training in new areas such as telephone installation and repair and electronics. The plaintiff did not avail himself of the efforts of the University to provide additional training.

The University did not fill the position of business machine (typewriter) repairman after plaintiff's discharge. Following his termination, the University contracted for its typewriter repair work off campus and the responsibilities of the permanent maintenance staff of the University do not include typewriter repair. While two persons were hired subsequent to the plaintiff's termination, they were employed as telecommunications technicians. Plaintiff testified that he did not perform, nor was he qualified to perform, the duties of a telecommunications technician.

On January 31, 1990, the plaintiff was discharged for failure to meet the performance standards of his position, excessive absences, and insubordination. The plaintiff attempted to establish that the defendant's articulated reasons for termination were pretextual. The pretextual claim was based on plaintiff's uncorroborated testimony that the communications director at the University allegedly encouraged the plaintiff to retire because a younger man was needed to work on computers. The Court finds that defendant's stated reasons for relieving plaintiff of his duties were not mere pretexts for discrimination. The fact that the plaintiff failed to follow instructions and failed to comply with University employee guidelines caused his termination.

■ The Age Discrimination in Employment Act of 1967, ("ADEA"), prohibits discrimination in employment against individuals on the basis of age. Specifically, those who are at least forty years of age, but less than seventy years of age are protected. 29 U.S.C. § 631(a). Plaintiff falls into this protected class and alleges that his termination was based on defendant's desire to replace him with a younger employee.

■ The elements of a Title VII case, as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), apply to suits arising under the ADEA. *Bohrer v. Hanes Corp.*, 715 F.2d 213, 218 (5th Cir.1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). To establish a prima facie showing of age discrimination the plaintiff must demonstrate that: 1) he was a member of a protected class; 2) he was qualified to perform the job; 3) he was discharged; and 4) he was replaced by a younger person or persons outside the protected class. *Guthrie v. Tifco Industries*, 941 F.2d 374, 376 (5th Cir.1991), (citing *Elliot v. Group Medical & Surgical Servs.*, 714 F.2d 556, 562 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984)).

■ A prima facie case creates a rebuttable presumption of intentional discrimination. *Guthrie*, 941 F.2d at 376 (citing *Laurence v. Chevron, U.S.A., Inc.*, 885 F.2d 280, 283 (5th Cir.1989); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). To rebut this presumption the employer must articulate some legitimate, non-discriminatory reason for its action. *Id.* That is, an employer may sustain this burden by introducing evidence of an explanation that would be "legally sufficient to justify a judgment for the defendant." *Guthrie*, 941 F.2d at 376 (citing *Bohrer*, 715 F.2d at 218 (quoting *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094)).

■ If the employer articulates legitimate, non-discriminatory reasons for its actions, the presumption created by the plaintiff's prima facie case dissolves and the burden reverts to the plaintiff to prove by a preponderance of the evidence that the employer's reasons were pretextual. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 646 (5th Cir.1985).

Applying the standard set forth in *McDonnell Douglas*, plaintiff has not established a prima facie case of employment discrimination by a preponderance of the evidence. The evidence showed plaintiff

clearly failed to prove that he was replaced by a younger person. Plaintiff testified that he was a business machine repairman. The University did not fill the position of business machine repairman after the plaintiff was discharged. Following his termination, the University contracted privately for its typewriter repair.

The Fifth Circuit has recognized that "[t]he ADEA was not intended to be a vehicle for judicial second guessing of business decisions." *Guthrie,* 941 F.2d at 378 (citing *Thornbrough,* 760 F.2d at 647). Faced with the evidence presented at trial, it cannot be concluded that the plaintiff has proved age was a motivating factor in the University's decision to terminate his employment.

Accordingly it is ORDERED, the defendant is entitled to judgment as a matter of law in that the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* has not been violated by Lamar University. It is further ORDERED that the plaintiff is not entitled to compensatory damages, declaratory judgment, back pay, employment benefits, injunctive relief, attorney's fees or reinstatement to his former position.