# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

## No. 00-30179

_____

## CECIL MCKENZIE,

**Plaintiff-Appellee,**

## VERSUS

## HARRY LEE, Etc; ET AL.,

**Defendants,**

## HARRY LEE, Sheriff, individually and in his capacity as Sheriff of the Jefferson Parish Sheriff's Office,

**Defendant-Appellant**

_____

Appeal from the United States District Court

For the Eastern District of Louisiana

_____

July 20, 2001

(Opinion April 5, 2001, 5th Cir., 2001, 246 F.3d 494)

Before JONES and DeMOSS, Circuit Judges, and BARZILAY[1] Judge.

PER CURIAM:

Upon reconsideration, we withdraw our previous opinion in this matter, reported at 246 F. 3d 494, and substitute the following.

_____

[1]Judge of the U. S. Court of International Trade, sitting by designation.

Jefferson Parish Louisiana Sheriff Harry Lee ("Sheriff") appeals from the final judgment on jury verdict entered by the district court, Judge Edith Clement presiding. The district court granted judgment in favor of Cecil McKenzie ("McKenzie") on his claims against the Sheriff for employment discrimination. Following the jury verdict finding in favor of the plaintiff, Sheriff Lee filed a motion to alter or amend the judgment pursuant to Rule 59(e), which the district court denied. The Sheriff now claims that there was insufficient evidence to support the jury's finding that he discriminated against McKenzie because of his race.

If the defendant properly moved for judgment as a matter of law at the conclusion of all evidence pursuant to Rule 50, or departed from the technical requirements of the rule but satisfied its purposes, the standard on appeal for evaluating the sufficiency of the evidence is whether the evidence, considered in the light most favorable to the verdict, has such quality and weight that reasonable and fair-minded persons could reach the same conclusion. *See Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996). The Sheriff did not make a motion for judgment as a matter of law at the close of all evidence, and his departure from the rule was significant. While the court will not "'demand a slavish adherence to the procedural sequence and . . . require these defendants. . . to articulate the words of renewal once the motion had been taken under advisement,' . . . this circuit has never completely disregarded the requirement that the defendant must move for judgment as a matter of law at the close of all evidence." *Id.* at 974 (quoting *Bohrer v. Hanes Corp*., 715 F. 2d 213, 217 (5th Cir. 1983). Thus, we review the jury verdict under the plain error standard, examining only whether the plaintiff has "presented *any* evidence in support of his claim." *Id.* (emphasis added) (citations omitted).

In an employment discrimination case, the plaintiff must show that he received disparate treatment because of his race, and that the proffered nondiscriminatory reason for his treatment was a pretext for racial discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792,

2

802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d. 668, 677 (1973). McKenzie has presented some, albeit minimal, evidence of treatment different from similarly situated non-members of his protected class. *See Williams v. Trader Pub. Co.*, 218 F. 3d 481, 484 (5th Cir. 2000) (holding that such circumstantial evidence may be used to prove discrimination). He has therefore met the plain error requirement of presenting *any* evidence supporting his claim. This court will adhere to its longstanding rule that reversal for plain error is an extreme remedy and will occur only to avoid a miscarriage of justice. *See Rizzo v. Childrens' World Learning Center, Inc.* 213 F.3d 209, 213 (5th Cir. 2000). The judgment appealed is therefore AFFIRMED.