# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

No. 08-30708
Summary Calendar

Charles R. Fulbruge III
Clerk

DERRICK SCOTT,

                                        Plaintiff-Appellant,

v.

ROBERT DAVIS; RODERICK MALCOLM; SERGEANT KIDD; CHRIS
EVANS; CAPTAIN TOFFTON; LIEUTENANT SANDERS,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CV-2024

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Derrick Scott appeals the district court's denial of his Motion for Judgment as a Matter of Law and his Motion for a New Trial. Having concluded that the issues raised on appeal are without merit, we AFFIRM the judgment of the district court.

I.    BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 22, 2005, Scott filed a 42 U.S.C. § 1983 action in the Western District of Louisiana, alleging that his constitutional rights were violated by certain prison guards who used excessive force against him in connection with an event that occurred on July 10, 2005, at the David Wade Correctional Center in Homer, Louisiana.[1] On February 11, 2008, the district court impaneled a ten person jury, and Scott presented his case to the jury. On February 12, 2008, the jury returned a verdict in favor of the defendants, Robert Davis, Roderick Malcolm, Kevin Kidd, Chris Evans, John Toffton, and Cale Sanders.

After the jury verdict had been read, Scott made an oral motion for judgment as a matter of law, arguing that the jury verdict was contrary to the evidence he presented and consequently, a miscarriage of justice. Scott also questioned the grounds upon which the jury had come to its decision. The district court denied Scott's oral motion, stating that the jury had reached its verdict because it believed the defendants' evidence over that which Scott had presented.

On February 25, 2008, Scott filed a Motion for New Trial and for Judgment as a Matter of Law. In his motion, Scott argued that the

---

[1] Scott claims that while he was being housed in maximum lock-down on suicide watch, he "was subjected to excessive and unnecessary use of force by the David Wade Correctional officers, while [he] was in handcuffs and legshackles handcuffed with his hands handcuffed behind his back face down on the floor." He claims he was "repeat[ed]ly punched kick[ed], and stomp[ed] by four David Wade officers while [he] was face down on the floor with his hands handcuffed behind his back with legshackles on both ankles." At trial, the Defendant-Appellees presented evidence that documented a different story of the events that occurred on July 10, 2005. The Defendant-Appellees' evidence at trial supported their story that upon exiting his cell that day, Scott "pushed Robert Davis in the chest area. Roderick Malcolm and Robert Davis then took inmate Scott to the floor." The Defendants-Appellees' story also differs from Scott's in that the Defendants-Appellees offered testimony at trial that the whole time Scott was on the ground, "Scott was resisting, kicking, biting, and spitting[,] . . . and would not comply with any orders given." During the course of the trial, the jury was presented with, and heard testimony that depicted, both sides of story concerning the events that occurred on July 10, 2005, at the David Wade Correctional Center.

overwhelming weight of the evidence supported a jury verdict in his favor, and as a result, the jury's verdict for the defendants resulted in a miscarriage of justice. On June 12, 2008, the district court denied Scott's Motion for New Trial and for Judgment as a Matter of Law. Scott timely filed his notice of appeal.

## II.     SCOTT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The denial of Judgment as a Matter of Law is reviewed *de novo. E.g., Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). We apply the same standard the district court applied and consider the evidence in the light most favorable to the party opposing the motion. *E.g., Bank of Saipan v. CNG Fin. Corp.,* 380 F.3d 836, 840 (5th Cir. 2004). Judgment as a Matter of Law is proper if "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue." Fed. R. Civ. P. 50(a).

In this case, however, the Plaintiff-Appellant's failure to move for Judgment as a Matter of Law *prior* to the jury verdict is fatal to his appeal now before us. *Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1315 (5th Cir. 1995) ("To fully preserve error on appeal for failure to grant a motion for judgment, the moving party must file both a pre-verdict Rule 50(a) motion at the close of all the evidence and the renewed Rule 50(b) motion. An appellant who failed to do so in the district court is not entitled to rendition of judgment in his favor on appeal, but is at most entitled to a new trial.").[2] Scott never filed a "pre-verdict" motion, and consequently, this issue has not been properly preserved for appeal.

While it is true that "[w]e excuse technical noncompliance with Rule 50 where its basic purposes have been satisfied," *id.*, in the present case, the basic

---

[2] Scott is proceeding *pro se.* Thus, we note that we apply "less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe the briefs of *pro se* litigants." *Grant v. Cuellari*, 59 F.3d 523, 524 (5th Cir. 1995). In this particular instance, however, our less stringent standard of review for *pro se* plaintiffs does not adequately compensate for Scott's failure to comply with the procedural requirements of Rule 50.

purposes behind Rule 50 have not been satisfied. "The basic purposes of the Rule are 'to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury, thereby affording it an opportunity to cure any defects in proof should the motion have merit.'" *Id.* (quoting *Bohrer v. Hanes Corp.*, 715 F.2d 213, 216-217 (5th Cir. 1983)).

Because Scott moved for Judgment as a Matter of Law after the jury returned its verdict, the district court had no opportunity to "re-examine the question of evidentiary sufficiency" prior to submitting the evidence to the jury, and the opposing parties were not alerted to the potential "insufficiency before the case [wa]s submitted to the jury." *Id.* Accordingly, the basic purposes behind Rule 50 have not been met, and as a result, we cannot conclude that the district court erred in denying Scott's post-verdict Motion for Judgment as a Matter of Law.

III.   SCOTT'S MOTION FOR NEW TRIAL

Scott also argues on appeal that the district court erred when it denied his Motion for a New Trial. "The decision to grant or deny a motion for new trial generally is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of that discretion or misapprehension of the law." *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 586 (5th Cir. 1985). "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir.1986); *see also G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir.1981) ("The standard at the trial level on a motion for a new trial is whether the verdict is against the clear weight of the evidence or will result in a miscarriage of justice."). "[W]e must affirm the verdict unless the evidence-viewed in the light most favorable to the jury's verdict-'points so

strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'" *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (quoting *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir.1989)) (internal citations and quotations omitted).

In the present case, we cannot conclude that there has been an abuse of discretion or misapprehension of the law. Upon review of the record, we find that the great weight of the evidence before the jury supports the jury's verdict. During the trial, the jury was presented with testimony and evidence that the officers restrained Scott on July 10, 2005, in response to his attacking an officer and Scott's "biting, kicking, and spitting." The jury heard testimony that Scott refused to comply with orders, and instead continued to fight against the officers. The officers testified that none of them had used excessive force against Scott in connection with the July 10, 2005 incident. And the disciplinary records at the David Wade Correctional Center reflects that no disciplinary action was taken against any of the correctional officers for their actions in regards to Scott's failure to comply on July 10, 2005.

While Scott offers a different story and contends that the jury came to the wrong conclusion, our duty is to determine whether the jury's conclusion is inapposite to the substantial weight of the evidence presented to it. Having reviewed the record, we cannot conclude that the verdict is against the great weight of the evidence before it. As a result, we cannot conclude that the district court abused its discretion in denying the Plaintiff-Appellant's Motion for a New Trial.

IV.    CONCLUSION

For the aforementioned reasons, the judgment of the district court is, in all respects, AFFIRMED.