Kitty Jones YATES, et al.,
Plaintiffs-Appellants,

v.

MOBILE COUNTY PERSONNEL
BOARD, Defendant-Appellee.

No. 81–7323
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 5, 1981.
Rehearing Denied Nov. 9, 1981.

Johnny Lee Pogue, Prichard, Ala., for plaintiffs-appellants.

Mylan R. Engel, Edgar P. Walsh, Mobile, Ala., for defendant-appellee.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

PER CURIAM:

The district court's judgment in favor of appellee Mobile County Personnel Board ("Board") and against appellant Johnny Lee Pogue is affirmed.

■■■ Although the parties do not raise the issue of appellate jurisdiction, we must determine whether Pogue timely filed a notice of appeal. Concluding that Pogue satisfied the requirements for the issuance of a certificate under Fed.R.Civ.P. 54(b), the district court entered final judgment against Pogue on February 18, 1981. On March 18, 1981, Pogue filed in this court a "Petition for Supervisory Writ of Mandamus and Certiorari." This court denied this petition on April 1, 1981. *In re Johnny Lee Pogue*, No. 81–7241. On April 7, 1981, Pogue filed with the district court a formal notice of appeal. A party seeking to appeal normally files in the district court a notice of appeal within thirty days after the entry of the final judgment. Fed.R.App.P. 4(a)(1). A petition for mandamus filed in this court, however, may also satisfy the notice of appeal requirement, especially when the appellant is proceeding pro se (as in Pogue's case) and is thus generally ignorant of procedural rules. *Jordan v. United States District Court*, 233 F.2d 362, 364–65 (D.C.Cir.), *vacated on other grounds*, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956), *cited with approval in Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974); 9 *Moore's Federal Practice* ¶ 203.09 (1980). Pogue's petition clearly evinces his intent to appeal. The petition specifies Pogue as appellant, designates the district court's February 18, 1981, final judgment against him as the judgment from which he appeals, and names this court as the court to which he takes his appeal. *Cobb v. Lewis*, 488 F.2d at 45; Fed.R.App.P. 3(c) (appeal shall not be dis-

missed for informality of form or title of notice of appeal). We therefore hold that Pogue's petition of March 18, 1981, satisfied the requirements for a timely notice of appeal.[1]

■■■ On the merits, the district court ruled that Pogue's Title VII claim was time-barred. (R–138) Title VII requires persons claiming discrimination to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the allegedly discriminatory practice occurs. 42 U.S.C.A. § 2000e–5(e) (West 1974). This limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred. *Hamilton v. General Motors Corp.*, 606 F.2d 576, 579 (5th Cir. 1979); *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975); *see Delaware State College v. Ricks*, 449 U.S. 250, 256–58, 261, 101 S.Ct. 498, 503–504, 506, 66 L.Ed.2d 431, 439–40, 442 (1980). Here, Pogue attempts to join this class action on the basis of a February 4, 1974, test for the position of City Clerk of Prichard, Alabama. On March 25, 1974, Pogue was notified of his failure to achieve a test score high enough to warrant the placing of his name on the employment register for the position. Thus, on March 25, 1974, the alleged discrimination against Pogue was complete and he was aware of all of the facts necessary to claim a Title VII violation. Pogue has not alleged that he himself filed a complaint with the EEOC as to this test. The named plaintiff in this class action, Kitty Jones Yates, did not file her EEOC complaint until November 16, 1976, more than 180 days after Pogue received notice that he failed the test. Pogue's claim is therefore barred under Title VII.

■■■ Pogue argues that the Board waived its right to assert the limitations defense by

---

1. Pursuant to Fed.R.App.P. 4(a)(1), we direct the clerk of this court to note on Pogue's petition the date the petition was filed in this court (*i. e.*, March 18, 1981) and to transmit same to the clerk of the district court. This petition shall be deemed filed in the district court on March 18, 1981. Fed.R.App.P. 4(a)(1).

failing to respond to his individual claim until August 10, 1979, well after the May 14, 1979, deadline set by the district court. However, the district court permitted the Board to raise the limitations defense up to the time of the hearings on the individual class members' claims (R–118–19), in effect allowing the Board to amend its original answer to the named plaintiff's complaint. *See* Fed.R.Civ.P. 15(a) (district court shall freely give leave to amend pleadings when justice so requires). The Board's response, expressly raising the statute of limitations defense (R–177), was filed August 10, 1979, well before the August 24, 1979, hearing on Pogue's claim. We cannot say that Pogue was prejudiced in any way by the Board's failure to raise the limitations defense by May 14, 1979. Thus, we hold that the Board did not waive the limitations defense.[2]

AFFIRMED.

**2.** After Pogue requested the district court to transmit parts of the record to this court, the Board requested the district court clerk to supplement the record on appeal with other documents omitted by Pogue. Pogue then filed in the district court an objection to this supplementation. The district court apparently did not rule on Pogue's objection, and Pogue has not renewed his objection to this court. Even if he did renew this objection, however, we would still permit the supplementation because the documents omitted by Pogue are material to the Board's arguments. Fed.R.App.P. 10(e).

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.