Penny WOMBLE, Plaintiff–Appellee,

v.

Pat BHANGU, Defendant–Appellant.

No. 88–4580

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1989.

---

Samuel H. Wilkins, Cynthia C. Tyler, Jackson, Miss., for defendant-appellant.

Charles L. Culpepper, Yazoo City, Miss., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

The issue on this appeal is whether state law claims can pend from a federal one over which the district court lacks subject matter jurisdiction. Concluding that they cannot, we remand with instructions to determine whether jurisdiction exists and to act accordingly.

Penny Womble asserts that she was sexually harassed by defendant Bhangu's unwelcome advances during the summer of 1986, when she was employed by him at a fast-food franchise operation that he owned. As a result, she maintains, she was forced to quit, whereupon she asserts, Bhangu spread rumors that she had been discharged for mishandling funds. In short, if her allegations are true—a matter as to which of course we express no opinion—Bhangu has conducted himself toward her as a thorough-going scoundrel.

She brought a Title VII action for harassment, joining pendant state claims for libel and slander. After requesting briefing on two issues, the district court decided on the basis of the first issue—that arising from Mrs. Womble's having failed to file a Title VII charge with the EEOC before bringing suit—that it lacked subject matter jurisdiction of the action. Having done so, it declined to reach the second: whether at the relevant times Bhangu was an "employer" within the meaning of Title VII. Unless he maintained at least fifteen employees for substantial periods defined in the statute during the relevant times, he was not. 42 U.S.C. § 2000e(b). Even so, it dismissed the action conditioned that Bhangu not plead limitations in any promptly filed state action arising from these facts, an act beyond the court's power if it lacked subject matter jurisdiction.

In holding that the failure of Mrs. Womble to exhaust administrative remedies deprived it of subject matter jurisdiction, the court erred. The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Thus the holding of the court did no more than determine that her Title VII claim was barred; not that the court lacked jurisdiction of it.

It is otherwise with the second issue, however, that which the court pretermitted. If Bhangu did not meet the statutory definition of "employer," then the court *did* lack subject matter jurisdiction over him. *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 979–80 (5th Cir. 1980). In that event, it had no jurisdiction over the federal claim; and there was no such claim to furnish a hanger from which the state-law claims could depend. If, on the other hand, Bhangu was a statutory employer for purpose of Title VII, then jurisdiction was not lacking.

We VACATE the order of the district court and REMAND for a determination of the jurisdictional issue. If Bhangu was a statutory Title VII employer, then jurisdiction existed in the trial court; and that court possessed discretion over the state-

law claims, to hear or to dismiss them on such conditions as it saw fit.[1] If not, then it could do nothing but dismiss all claims, federal and state, unconditionally.

It is so ORDERED.

1. It would be more precisely correct to state that if he was such an employer the court possessed such discretion if the Title VII claim, as made, raised a substantial federal issue. *See* Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3567.1. Although we have assumed that it did so for purposes of this opinion, we have not decided that issue—which has been neither raised nor briefed—and we leave it to the trial court on remand, should such a decision become necessary. Nor do we decide whether greater reluctance in exercising pendant jurisdiction should be the rule in cases where the sole federal claim or claims are Title VII ones. *See, e.g., Bouchet v. National Urban League, Inc.,* 730 F.2d 799, 805 (D.C.Cir.1984). Another issue neither raised nor briefed, we leave this as well to the trial court in the first instance.