Herman ANDERSON,
Plaintiff–Appellant,

v.

LEWIS RAIL SERVICE COMPANY,
Defendant–Appellee.

Johnny STOKER, Plaintiff–Appellant,

v.

LEWIS RAIL SERVICE COMPANY,
Defendant–Appellee.

No. 88–2943

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 28, 1989.

Jimmy C. Bailey, Dallas, Tex., for plaintiffs-appellants.

Bryce J. Denny, Munson, Munson, Hynds, Gordon & Pierce, Sherman, Tex., for defendant-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In this appeal from an adverse summary judgment, two employees discharged after failing a drug-use test complain of numerous supposed errors by the trial court, and we affirm. Most of their points for reversal concern charges unrelated to the complaints that they advanced in their EEOC complaint, and the order of the trial court disposes of these in terms upon which we cannot improve:

> As an initial matter the Court notes that the plaintiffs' Charges of Discrimination relate only to their terminations from Lewis Rail Service Company. In this circuit a district court may consider only those grounds of a Title VII complaint that were raised in the administrative process. *Hoffman v. Boeing,* 596 F.2d 683, 685 (5th Cir.1979). Accordingly, with respect to the Title VII claims the Court confines itself to questions relating to the plaintiffs' terminations.

> The plaintiffs allege that, following urinalysis tests showing drug use on their part, they were fired and not rehired, while white employees that were fired were rehired. The defendant presented evidence that the plaintiffs did not undergo voluntary drug rehabilitation, while the white employees did undergo such rehabilitation. Both plaintiffs testified by deposition that they had smoked marihuana just prior to the drug test, and that they had declined to undergo the recommended drug rehabilitation. Assuming that the plaintiffs successfully set forth a *prima facie* case, the defendant rebutted the presumption of unlawful discrimination, successfully articulating its reasons for firing and refusing to rehire the plaintiffs. *McGee v. Randall Division of Textron, Inc.,* 680 F.Supp. 241, 243 (N.D.Miss.1987), *aff'd,* 837 F.2d 1365 (5th Cir.1988). The plaintiffs, on the other hand, have failed to adduce any evidence tending to show either that the defendant's articulated reasons are pretexts for discrimination, or any evidence tending to support the plaintiffs' ultimate burden of showing that the defendant intended to discriminate against the plaintiffs based upon race. The plaintiffs have been given adequate time for discovery, and have "fail[ed] to make a showing sufficient to establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial." *Celotex v. Catrett,* [477 U.S. 317], 106 S.Ct. 2548, 2552–53 [91 L.Ed.2d 265] (1986). Accordingly, the Court is of the opinion that the plaintiffs' Title VII claims should be dismissed. *McGee,* 837 F.2d at 1366.[1]

AFFIRMED.

---

1. Appellants complain to us that a white employee, Frank Halbert, was given two drug tests

while they each got only one. It is undisputed, however, that Halbert passed both tests—having been re-tested because of fears that the first test was not an effective one. Hence no material issue of fact is made.