Angelina WATSON

v.

SEARS, ROEBUCK COMPANY.

Civ. A. No. 89–389–B.

United States District Court,
M.D. Louisiana.

July 30, 1990.

Angelina Watson, Amite, La., Gideon T. Carter, III, Hammond, La. (Court Appointed), for plaintiff.

Charles H. Hollis, Kullman, Inman, Bee & Downing, New Orleans, La., for defendant.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT OF SEARS, ROEBUCK COMPANY, WILLIAM SANDERS AND EDWARD BRENNAN

POLOZOLA, District Judge.

Angelina Watson filed this suit on May 18, 1989 against Sears Roebuck Co. (Sears) and two executive officers of the company, William Sanders and Edward A. Brennan, claiming that Sears engaged in discriminatory promotion and retaliation employment practices in violation of 42 U.S.C. 1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–5. The defendants have filed motions for summary judgment. When the matter was initially noticed, the plaintiff sought additional time to conduct discovery to respond to the motions. The Court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, granted the plaintiff until May 31, 1990 to conduct discovery and file an opposition to the defendants, motions for summary judgment. However, despite being granted an extension of time by the Court, Ms. Watson has not filed any opposition to the motions. The record also reveals that plaintiff did not engage in any discovery during the extension granted by the Court.

For the reasons which follow, the Court finds that defendants' motions for summary judgment should be granted.

Plaintiff's Claim Under 42 U.S.C. 1983

Ms. Watson first seeks to recover damages pursuant to 42 U.S.C. 1983. In order to recover under this statute, the plaintiff must (1) have been deprived of a right secured by the Constitution or laws of the United; and, (2) the defendants must have acted under color of state law. *Wong v. Stripling*, 881 F.2d 200 (5th Cir.1989). However, it has never been alleged nor is there any evidence to establish that Sears, Sanders and Brennan acted while "clothed with the authority of the state law". *NCAA v. Tarkanian*, 488 U.S. 179, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988); *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Mississippi Women's Medical Clinic v. McMillan*, 866 F.2d 788 (5th Cir.1989); *Daniel v. Ferguson*, 839

F.2d 1124 (5th Cir.1988).[1] Thus, plaintiff cannot maintain an action based on 42 U.S.C. 1983 under the facts of this case. Accordingly, defendants' motions for summary judgment must be granted as to this claim.

### Plaintiff's Claim 42 U.S.C. 1981

■ The plaintiff has also filed a claim under 42 U.S.C. 1981.[2] This statute forbids discrimination in making and enforcing contracts. *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The alleged discriminatory practices of promotion and retaliation do not constitute discriminatory acts that "infect[s] the legal process in ways that prevent one from enforcing contract rights".[3] Thus, the Court only has to consider whether these alleged practices discriminated against Ms. Watson in making a contract.

The Supreme Court set forth the standard which must be followed by this Court in deciding this issue in *Patterson,* 109 S.Ct. at 2377, wherein the Court stated:

> "the question whether a promotion claim is actionable under 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer. If so, then the employer's refusal to enter the new contract is actionable under 1981 ... Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and employer is such a claim actionable under 1981."

In count 2 of the complaint, the plaintiff complains generally of "discriminatory practices, where white-employees are consistently being arbitrarily accorded pro-

motions and advancement opportunities".[4] Watson has not produced any evidence to prove that the promotion which she was denied would have involved a new contract or distinct relationship with Sears. According to Carl Crittenden, the Human Resources Supervisor at Sears, the job duties of a salesperson and supervisor are the substantially the same except that a supervisor evaluates and oversees the salespersons in the department.[5] Ms. Watson merely complains that she failed to receive routine advancements which alone do not give her a right of action under this statute.

■ The alleged retaliation practices are also not actionable under to section 1981. In *Patterson,* the Supreme Court stated that "the right to make a contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established including breach of the terms of the contract or imposition of discriminatory working condition."[6] Thus, Ms. Watson cannot recover pursuant to this statute for alleged postformation actions such as "scheduling less work-hours, or other similar undesirable practices".[7]

### Plaintiff's Title VII Claim

■ The plaintiff also seeks to recover damages pursuant to Title VII of the Civil Rights Act of 1964. However, there are several preliminary problems with this claim. Before a Title VII complaint is properly before the Court, a charge must be timely filed with the EEOC, and notice of the right to sue must be received. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982);

---

1. Furthermore, any alleged discriminatory practice which occurred before May 18, 1988 has prescribed since a claim pursuant to 1983 has a one year statute of limitations. *Elzy v. Roberson,* 868 F.2d 793 (5th Cir.1989); *Freeze v. Griffith,* 849 F.2d 172 (5th Cir.1988).

2. A claim asserted under 42 U.S.C. 1981 also has a one year statute of limitations. Thus, any alleged practice occurring before May 18, 1988 has prescribed. *Taylor v. Bunge Corp.,* 775 F.2d 617 (5th Cir 1985); *Jones v. Orleans Parish School Board,* 688 F.2d 342 (5th Cir.1982).

3. See *Patterson v. McLean Credit Union,* 109 S.Ct. 2363, 2373.

4. See paragraph 12 of the complaint.

5. See the paragraph 17 of the affidavit of Carl Crittenden.

6. *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. at 2373, 105 L.Ed.2d 132 (1989).

7. See paragraph 23 of the plaintiff's complaint.

*Womble v. Bhangu,* 864 F.2d 1212 (5th Cir.1989); *Pruet Production Co. v. Ayles,* 784 F.2d 1275 (5th Cir.1986).[8] To be timely, such a charge must be filed within 180 days after the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5; *Blumberg v. HCA Management Co. Inc.,* 848 F.2d 642 (5th Cir.1988); *Yates v. Mobile County Personnel Board,* 658 F.2d 298 (5th Cir.1981). There is no evidence of a right to sue notice in the record. Since Ms. Watson filed her EEOC charge on August 9, 1989, any alleged discriminatory practice occurring prior to February of 1989 is time barred.[9] In this EEOC charge Ms. Watson only complains that she has been "continuously denied promotions to the position of Supervisor".[10] Nowhere is there a charge of retaliatory practices. It is clear that "Title VII employment discrimination may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonable be expected to grow out of the initial charges of discrimination." *Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447 (5th Cir 1983).[11] The Court finds that a charge of retaliation could not have grown out of the initial EEOC charge or would have been uncovered in the EEOC investigation. However, despite these procedural defects, the court will analyze the merits of this claim.

■ The Supreme Court set forth the requirements for a Title VII claim in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The plaintiff must prove a prima facie case of race discrimination. If the plaintiff succeeds, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for such treatment. Finally, if the defendant meets this burden, the plaintiff must show that despite the defendants pretexts, a discriminatory reason for such action more likely motivated the defendant or the defendant's reason is unworthy of credence. Therefore, to prove her prima facie case the plaintiff must show that she (1) is a member of a protected class; (2) was qualified for the position of supervisor, entitled to keep working the same number of hours, and should not have been subject to the other retaliatory actions taken by Sears; (3) applied for and was denied this position; and, (4) other employees with less qualifications who were not members of the protected class were selected for the supervisor position, did not have their hours reduced, or did not suffer other such retaliatory practices.

■ Ms. Watson has not satisfied this burden of proving Sears discriminately retaliated against her. Plaintiff has offered no proof that her hours were ever reduced or that any other retaliatory actions were ever taken against her. Plaintiff has merely made unsupported allegations. Even if these incidents did occur, she has never shown that Sears was not entitled to take such action. Finally, Ms. Watson admits in her deposition that these alleged retaliatory incidents were not related to race.[12] Thus, Ms. Watson cannot maintain a claim against Sears for these practices.

■ Plaintiff's claims of discriminatory promotions are also not recoverable in this case. Although Ms. Watson is a member of a protected class, she has offered no proof that she applied for a supervisor position or was qualified for it. She claims that she was more qualified than the person eventually chosen merely because of the amount of time she had continuously

---

**8.** This is not a jurisdictional prerequisite; it is subject to waiver, estoppel and equitable tolling.

**9.** The plaintiff complains of 7 alleged promotion opportunities. However, the first 6 occurred more than 180 days prior to filing this EEOC charge and thus is barred.

**10.** See the EEOC Charge of Discrimination attached to the motion for summary judgment.

**11.** See also *Anderson v. Lewis Rail Service Co.,* 868 F.2d 774 (5th Cir.1989); *Johnson v. General Electric,* 840 F.2d 132 (1st Cir.1988);.

**12.** See page 75–76 of Ms. Watson's deposition.

worked for Sears.[13] The Court does not believe that the plaintiff satisfied its burden of proof. However, even if plaintiff had presented some proof, the Court finds that the defendant has articulated a legitimate, nondiscriminatory reason for its treatment of the plaintiff. Unlike the individual eventually hired as supervisor, Ms. Watson had been a disciplinary problem. Both customers and fellow employees had complained about her behavior.[14] The record reveals that plaintiff was counselled about this behavior and her poor work attitude. Since Sears has put forth a legitimate reason for this action, the burden now shifts back to the plaintiff to prove that the discriminatory reason more likely motivated the action. However, Ms. Watson has not produced any evidence to the motion for summary judgment. Therefore, she has failed to maintain this burden of proof. *Laurence v. Chevron, U.S.A., Inc.*, 885 F.2d 280 (5th Cir.1989).

Since Ms. Watson has the burden of proof at trial on the issues involved in this motion, she must come forth with sufficient evidence to show that there is a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, despite the additional time given to her pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, plaintiff has not come forth to oppose this motion for summary judgment or to produce any evidence in opposition to the motion. *According to Rule 56(e) of the Federal Rules of Civil Procedure*, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial". Since the plaintiff has not provided any evidence, the Court finds that defendant's motion for summary judgment must be granted.

Sanders and Brennan have also moved for summary judgment on the Title VII claim on the additional ground that they were not the plaintiff's employer. Title VII declares certain actions of an "employer" to be unlawful.[15] Thus, in order to prevail under this statute, Sanders and Brennan must be found to be an Ms. Watson's employer. An employer under Title VII is defined as, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any *agent* of such a person...." (emphasis added)[16] In *Hamilton v. Rodgers*, 791 F.2d 439 (5th Cir.1986), the Fifth Circuit Court of Appeals set forth the standard this Court must follow in determining whether a person is an employer. The plaintiff in this case has never alleged or provided any evidence to show that Sanders and Brennan made the promotion decisions or ordered that retaliatory actions be taken against Ms. Watson. According to the affidavit of Carl Crittenden, neither Sanders or Brennan "had direct involvement in any way with the day to day operations of any Sears retail stores".[17] Therefore, Sanders and Brennan cannot be considered employers under Title VII.

Therefore:

IT IS ORDERED that defendants' motion for summary judgment be and it is hereby GRANTED.

---

**13.** See page 57 of Ms. Watson's deposition.

**14.** See the paragraphs 19–23 of the affidavit of Carl Crittenden.

**15.** See 42 U.S.C. 2000e–2 and 2000e–3.

**16.** See 42 U.S.C. 2000e(b).

**17.** Furthermore, Mr. Sanders retired from Sears before the alleged non-prescribed discriminatory promotion occurred.