Robert G. **GHAHRAMANI**

v.

**BASF CORPORATION.**

**Civ. A. No. 89–442–B.**

United States District Court,
M.D. Louisiana.

Jan. 31, 1991.

Paula Cobb, Baton Rouge, La., for plaintiff.

William R. D'Armond, Melanie M. Hartmann, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendant.

## RULING ON BASF CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

POLOZOLA, District Judge.

Robert G. Ghahramani filed this action against BASF Corporation (BASF), his former employer, claiming the company engaged in discriminatory employment practices. Ghahramani charges that BASF (1) refused to grant him pay increases; (2) denied him promotions for which he was qualified; (3) harassed him; (4) treated him with less favor than his co-employees; (5) demoted him; and, (6) ultimately discharged him. The plaintiff alleges the defendant discriminated against him because of his age, and his race and national origin (Iranian).

In his complaint, Ghahramani alleges BASF's actions are in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621–634 (ADEA). This matter is now before the Court on defendant's motion for partial summary judgment. In its motion for partial summary judgment, BASF contends that (1) none of the plaintiff's claims are actionable under 42 U.S.C. § 1981; and, (2) certain allegations in the complaint under both Title VII and the ADEA are beyond the scope of the initial EEOC charges. BASF seeks to have these allegations dismissed.

The Court has subject jurisdiction over this suit under 28 U.S.C. § 1343, 42 U.S.C. § 2000e–5(f), and 29 U.S.C. § 626(c). Venue is proper pursuant to 28 U.S.C. § 1391.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." [1] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[2]

### I. 42 U.S.C. § 1981 Claims

■ The plaintiff filed a claim under 42 U.S.C. § 1981, which forbids discrimination in the making and enforcing of contracts. BASF argues that none of the plaintiff's claims are actionable under § 1981 in light of the Supreme Court's opinion in *Patterson v. McLean Credit Union.*[3] The Court agrees with the defendant. Furthermore, in the plaintiff's opposition memorandum to this motion, Ghahramani's counsel concedes any claims under § 1981.[4] The Court finds that Ghahramani has no cause of action under § 1981. Therefore, defendant's motion for summary judgment on the § 1981 claim must be granted.

### II. Title VII Claims

The plaintiff also seeks to recover damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Before a Title VII complaint is properly before the Court, a complaint must be timely filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the occurrence of the alleged unlawful employment practice.[5] The plaintiff must also receive a right-to-sue notice from the EEOC.[6]

■ Ghahramani's employment with BASF ceased on June 23, 1988.[7] The plaintiff submitted a hand-written complaint with the EEOC on June 27, 1988. The EEOC subsequently sent to Ghahramani a final, typed copy of his complaint, which the plaintiff signed on January 2, 1989.[8] Ghahramani then received a right-to-sue notice from the EEOC which was dated June 20, 1989. Based on the evidence submitted to the Court, the Court finds that the plaintiff's complaint was timely filed with the EEOC. Therefore, this Title VII action is properly before the Court.

In his complaint filed with the EEOC, Ghahramani charges that BASF engaged in discriminatory employment practices which resulted in his demotion on June 23, 1988, several denials of promotions, and discharge from the company.[9] However, in the complaint filed with this Court, the plaintiff expanded his allegations to include

---

1. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

2. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

3. 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). *See also Lavender v. V & B Transmission & Auto Repair,* 897 F.2d 805 (5th Cir. 1990); *Watson v. Sears, Roebuck & Co.,* 742 F.Supp. 353, 355 (M.D.La.1990).

4. Plaintiff's Memorandum In Opposition to BASF'S Motion for Partial Summary Judgment, Document 60 in the record, at 1 [hereinafter Opposition Memorandum].

5. 42 U.S.C. § 2000e–5; *Blumberg v. HCA Management Co., Inc.,* 848 F.2d 642 (5th Cir. 1988) *cert. denied,* 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989); *Yates v. Mobile County Personnel Bd.,* 658 F.2d 298 (5th Cir.1981); *Watson,* 742 F.Supp. at 356.

6. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Womble v. Bhangu,* 864 F.2d 1212 (5th Cir. 1989); *Pruet Prod. Co. v. Ayles,* 784 F.2d 1275 (5th Cir.1986); *James v. Capital City Press,* 742 F.Supp. 347 (M.D.La.1990).

7. The parties dispute whether the plaintiff resigned or was discharged.

8. The defendant argued that the plaintiff's claims had prescribed because the final complaint was signed over 180 days from the time Ghahramani left BASF. The Court disagrees and finds that the initial complaint was sufficient notice to comply with the 180 day requirement. *See, e.g., Price v. Southwestern Bell Tel. Co.,* 687 F.2d 74 (5th Cir.1982).

9. EEOC "Charge of Discrimination" Form, Opposition Memorandum, *supra* note 4, attachment.

racial harassment, inferior treatment, and failure to get pay increases given to co-employees. The defendant contends these later claims are barred because they are outside the scope of the plaintiff's EEOC charges and were not asserted in the EEOC complaint.

◼ The Fifth Circuit has held that the courts should not strictly interpret the scope of an EEOC complaint, but should liberally construe the complaint.[10] This appellate court mandate is based on the conclusion that most of the charges filed with the EEOC are prepared by people without legal training and without the assistance of counsel.[11]

However, this does not mean a plaintiff's ability to expand the scope of the EEOC charges in a complaint properly before a court is unlimited. In addition to the *specific* allegations set forth in the EEOC complaint, the Court may only hear those charges which could reasonably be expected to grow out of the scope of the EEOC's investigation of the initial discrimination.[12]

◼ In the case before the Court, the plaintiff did not specifically set forth any claims akin to racial harassment, inferior treatment, or problems with pay increases. Furthermore, based on the specific charges made to the EEOC, the Court finds that the additional claims made in this suit cannot reasonably be expected to have grown out of the scope of the EEOC's investigation. Therefore, the Title VII claims based on

racial harassment, inferior treatment, and failure to give pay increases under Title VII must be dismissed. Defendant's motion for partial summary judgment shall be granted accordingly.

### III. ADEA Claims

◼ The plaintiff alleged in his EEOC complaint that BASF's discriminatory employment were precipitated because of his age (49) and his race and national origin (Iranian), in violation of the ADEA. Ghahramani makes the same charges under the ADEA in the complaint filed with this Court as were made under Title VII. As it did with the Title VII claims, BASF contends the claims which plaintiff added to the suit complaint are barred because they are outside the scope of the charges set forth in the EEOC complaint. This Court agrees.

The Fifth Circuit has consistently relied on Title VII decisions to interpret the proper meaning and interpretation of the ADEA.[13] Other circuit courts, using the same Title VII analysis, have held that the scope of the ADEA complaint filed with the court is limited by the allegations of the EEOC complaint and those charges reasonably expected to grow out of the EEOC investigation.[14] For the reasons set forth by the Court in Part II of this opinion involving the Title VII claims, the Court finds the plaintiff's charges of racial harassment, inferior treatment, or problems with pay increases are beyond the

---

**10.** *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 (5th Cir.1970); *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 161–62 (5th Cir.1971).

**11.** *Terrell v. U.S. Pipe & Foundry Co.,* 644 F.2d 1112, 1123 (5th Cir.1981), *cert. granted sub nom.,* 456 U.S. 968, 102 S.Ct. 2229, 72 L.Ed.2d 841 (1982), *cert. denied sub nom.,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982); *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998, 1005 (5th Cir.1969); *Sanchez,* 431 F.2d at 463 & n. 4; *Mathews v. Houston I.S.D.,* 595 F.Supp. 445, 447 (S.D.Tex.1984); *King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D.Ga.1968).

**12.** *Young v. City of Houston,* 906 F.2d 177, 179 (5th Cir.1990); *Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447, 451 (5th Cir.), *cert. denied,* 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983); *Sanchez,* 431 F.2d at 466; *Watson v.*

*Sears, Roebuck Co.,* 742 F.Supp. 353, 356 (M.D. La.1990).

**13.** *Galvan v. Bexar County, Texas,* 785 F.2d 1298, 1305 n. 11 (5th Cir.1986); *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 638 n. 4 (5th Cir.1985); *Bohrer v. Hanes Corp.,* 715 F.2d 213, 218 (5th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984).

**14.** *Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir.1990) (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970)); *Miller v. International Tel. and Tel. Corp.,* 755 F.2d 20, 23–24 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 544 (7th Cir.), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989).

**712**

scope of the initial complaint filed with the EEOC. Defendant's motion for partial summary judgment shall be granted accordingly.

### IV. Conclusion

After a review of the facts and evidence submitted in this case, the Court finds that BASF's motion for partial summary judgment should be granted as follows:

The Court finds, and both parties agree, that there is no cause of action available to Mr. Ghahramani under 42 U.S.C. § 1981. The Court also finds that Mr. Ghahramani's claims under Title VII and the ADEA that BASF discriminated against him in the form of racial harassment, inferior treatment, and failure to give him the same pay increases as his co-employees are outside the scope of the plaintiff's EEOC complaint. Therefore, these claims are dismissed. Thus claims which remain to be resolved at trial are the allegations of discriminatory employment practices involving the demotion, discharge, and denial of promotions, under both Title VII and the ADEA.

█ Finally, the Court finds that the denials of past promotions do not constitute a "continuing violation." Therefore, any claims based on denied promotions under Title VII or the ADEA which occurred over 180 days from the termination of Ghahramani's termination, are barred by prescription.

THEREFORE:

IT IS ORDERED that BASF Corporation's motion for partial summary judgment be and it is hereby GRANTED.