United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-11105

MARY H. TORRES,

Plaintiff-Appellant,

VERSUS

LIBERTO MANUFACTURING CO INC

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

( 3:01-CV-1888-H )

Before DUHE', EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Mary H. Torres brought suit against Liberto Manufacturing Co., Inc. ("Liberto

Mfg.") alleging racial discrimination under Title VII and age discrimination under the ADEA on

September 21, 2001. The district court accepted the parties' request for a bifurcated discovery and

ordered that discovery on jurisdictional issues be completed by noon on March 18, 2002. On March

18, 2002, Torres filed a motion asking to extend the discovery period for an additional twenty days

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

because her attorney had a scheduling conflict that resulted in the cancellation of two depositions that had been scheduled for March 15, 2002. The district court denied the motion to extend. On March 25, 2002, Liberto Mfg. filed a motion for summary judgment asserting that it was not an "employer" for the purposes of Title VII and the ADEA. The motion was referred to a magistrate judge who recommended that the motion be granted. The district court adopted the magistrate judge's findings and entered judgment granting Liberto Mfg.'s motion and dismissing Torres's complaint. Torres now appeals the district court's decision not to grant an extension for discovery and the granting of summary judgment.

## BACKGROUND

Torres became an employee of Liberto Mfg. in 1987 and was a member of Liberto Mfg.'s production department where her chief responsibility involved packaging popcorn. On October 26, 2000, Torres sustained an on-the-job injury to her left wrist. Following surgery and multiple physical therapy sessions, Torres faxed a letter from her doctor to Ms. Debbie Newman, the Human Resources Manager for Liberto Management, Inc. ("LMI"), a sister subsidiary of Liberto Mfg., which indicated that Torres would be returning to work on June 4, 2001. On May 15, 2001, Torres received a letter from Newman informing Torres that she was terminated as of that date, pursuant to Liberto Mfg.'s "Leave of Absence" policy,[2] but that Torres could reapply at anytime.

On June 4, 2001, Torres went to Liberto Mfg.'s place of business and was confronted by Mr. Melesio Herrera, her former supervisor. Herrera told Torres that "there was not enough work," and refused to give Torres an application for employment. Torres then had Herrera call Newman and left

---

[2]The policy provided a maximum of 90 days leave, after which the employee was considered to have voluntarily terminated her employment.

2

a message for Newman to call Torres. When Newman returned the call, she told Torres that there was no work available and that Liberto Mfg. was not hiring.

Torres subsequently filed a complaint against Liberto Mfg. on September 21, 2001 alleging racial discrimination under Title VII and age discrimination in violation of the ADEA. On January 2, 2002, the district court accepted the request of the parties for bifurcated discovery and ordered that discovery relating to jurisdictional issues be completed prior to noon on March 18, 2002, thus giving the parties over ten weeks to complete discovery on the jurisdictional issue alone. On March 18, 2002, Torres filed a motion to extend discovery, requesting a twenty day extension. Torres explained that though she set-up depositions of witnesses on February 27, 2002 (only a little less than three weeks before the deadline), two of the witnesses, Newman and Ron Mullholland, were scheduled for March 15, 2002. As it so happened, Torres's counsel had to be in court in Dallas that day for a pending trial and was unable to make it to San Antonio for the depositions.

The district court denied Torres's motion to extend discovery on March 22, 2002. The district court noted that Torres's counsel had nearly two months to complete discovery and waited until the last full business day of the discovery period to schedule the depositions. The district court also found that the conflict Torres's counsel faced of having a trial in Dallas, was foreseeable and that it was Torres's counsel's responsibility to ensure that discovery was completed by noon.

Liberto Mfg. then filed a motion for summary judgment on March 25, 2002, based on the fact that it was not an "employer" for the purposes of Title VII and the ADEA because it did not employ the requisite number of employees. On May 10, 2002, the district court referred the case to United States Magistrate Judge William F. Sanderson to make findings and recommendations on the motion. On August 8, 2002, the magistrate judge entered his report and recommendation that Liberto Mfg.'s

3

motion for summary judgment be granted. On August 30, 2002, the district court adopted the magistrate judge's recommendation and granted Liberto Mfg.'s motion for summary judgment. Torres timely filed her appeal.

## DISCUSSION

<u>Did the district court abuse its discretion in denying Torres's motion to extend discovery?</u>

A district court's decision to preclude further discovery prior to granting summary judgment is reviewed for abuse of discretion. *Krim v. Banctexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). A district court's discovery decision will be affirmed unless it is arbitrary or clearly unreasonable. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

Torres complains that summary judgement is inappropriate where the non-moving party has not had a full opportunity to conduct discovery. Torres further cites to this Circuit's decision in *International Shortstop, Inc. v. Rally's Inc.*, to support her contention that motions to extend discovery for the purposes of summary judgment should be granted as a matter of course. 939 F.2d 1257, 1267 (5th Cir. 1991).

Torres misconstrues *Rally's* and also leaves out an important part of the language from that opinion. In *Rally's*, this court stated:

> Where the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery

4

> should be granted almost as a matter of course. If, however, the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's belated request.

*Id.* at 1267 (quotations and citations omitted). Torres was given a full opportunity to conduct discovery but was found **not** to have diligently pursued discovery by the district court. The district court gave both parties 75 days to conduct discovery on the sole issue of jurisdiction. Torres admits in her brief that she did not begin to schedule depositions until February 27, 2002, 56 days after the deadline was set. Torres also set the depositions in question for the last full business day of the discovery period and did not request an extension until the very last day of the discovery period. Torres offers no explanation as to why she waited so long to schedule the depositions or why they were scheduled at the very end of the discovery period when her counsel knew that she had another trial pending. Therefore, we conclude that the district court did not abuse its discretion in denying the extension. Torres was given a full opportunity to conduct discovery and chose not to take advantage of that opportunity. The district court's decision is affirmed.

<u>Did the district court err granting Liberto Mfg.'s motion for summary judgment?</u>

This Court reviews a district court's grant of summary judgment *de novo*. **Young v. Equifax Credit Info. Servs. Inc.**, 294 F.3d 631, 635 (5th Cir. 2002). Summary judgment is appropriate

5

only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).

Torres claims that had she been able to depose Newman and Mullholland, she would clearly have been able to establish that Liberto Mfg. was an "employer" under Title VII and the ADEA because all of the Liberto subsidiary corporations were a single employer. Despite having not deposed these individuals, Torres claims that she still has offered sufficient proof so as to overcome a motion for summary judgment.

Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 2000e(b). The ADEA has almost an identical definition for an employer except it defines it as a person who has twenty or more employees as opposed to fifteen. 29 U.S.C. § 630(b). Determining whether a defendant is an "employer" under Title VII or the ADEA involves a two-step process: (1) the defendant must fall within the statutory definition; and, (2) there must be an employment relationship between the plaintiff and the defendant. ***Deal v. State Farm County Mut. Ins. Co. of***

***Tex.***, 5 F.3d 117, 118 n.2 (5th Cir. 1993).  If a plaintiff fails to establish that a defendant is an "employer" as defined by these statutes then the court lacks subject matter jurisdiction over the plaintiff's claims.  ***Womble v. Bhangu***, 864 F.2d 1212, 1213 (5th Cir. 1989).

Liberto Mfg. contends, and Torres does not dispute, that it only employed, at most, 6 employees during the relevant time period.  Torres contends, however, that due to the interrelatedness of Liberto Mfg. and Liberto Specialty Company, Inc. ("Liberto SI"), its parent corporation, these corporations should be treated as a single business enterprise, pursuant to the "single employer doctrine."  This theory is based on this Circuit's broad definition of the term "employer" that includes superficially distinct entities that are sufficiently interrelated so as to constitute a single, integrated enterprise.  ***Lusk v. Foxmeyer Health Corp.***, 129 F.3d 773, 777 (5th Cir. 1997).

Torres urges this Court to apply the "single employer" test of ***Trevino v. Celanese Corp.***, 701 F.2d 397, 404 (5th Cir. 1983) and ***Lusk***.  Both parties agree that the factors this Court should consider under this test are: (1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control. ***Trevino***, 701 F.2d at 404.  This analysis ultimately focuses on the question of whether the parent corporation was a

7

final decision-maker in connection with the employment matters underlying the litigation. *Id.*

In her brief, the only factor that Torres attempts to argue is that the second *Trevino* factor applies because it was Newman, an employee of LMI, another Liberto SI subsidiary, that fired Torres.[3] Though this Court has noted that the second *Trevino* factor is the most important, *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002), this Court still considers all four factors to determine "whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation." *Lusk*, 129 F.3d at 777. Torres's reliance on this one factor is not persuasive.[4]

In assessing whether there is centralized control of labor relations, this Court focuses on determining what entity made the final decision regarding employment matters related to the person claiming discrimination. *Vance*, 279 F.3d at 297; *Trevino*, 701 F.2d at 404. Despite Torres's allegations that Newman is the one who terminated her, the magistrate judge found that it was

---

[3]Torres does not argue in her brief the other factors, but instead attempts to incorporate by reference her arguments below. This is not permitted and all such arguments are waived. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (noting that because the appellant attempted to incorporate its arguments below by reference, such arguments were waived); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[4]It is also worth noting that the magistrate judge found that Torres had completely failed to offer any proof of how many employees Liberto SI or LMI had and only offered a speculative number of 192 which turned out to be erroneously based on one of Torres's earnings statements (the number 192 was the check number).

8

uncontroverted that it was Herrera, a Liberto Mfg. employee, who made the decision to fire her, and that he simply asked Newman to notify Torres of the termination. The magistrate judge also found that all statements that were made to Torres by Newman were simply re-iterations and affirmations of what Herrera told Torres. Torres also makes a vague reference in her brief to the fact that, because Newman stated in an affidavit that her position as a Human Relations Manager meant that she provides support to all of Liberto SI's subsidiaries, there must be common management. Nothing in the quoted statements, however, indicates that Newman had control over management decisions in the multiple subsidiaries. As we find that Torres's vague arguments on this point regarding centralized control fail, we conclude that the district court did not err in adopting the magistrate judge's recommendation, and, therefore, affirm the district court's decision.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the district court did not abuse its discretion in denying Torres's motion to extend discovery or err in granting summary judgment in favor of the defendant, Liberto Mfg. We therefore AFFIRM the district court's decision.

**AFFIRMED**

9